**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. JOHN LYNCH, JR., Individually, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CJ-2018-2836 |
| | ) | |
| v. | ) | *Honorable Trevor Pemberton* |
| | ) | |
| 1. WANDA SINGHISEN; and | ) | |
| 2. STATE FARM MUTUAL | ) | No. CIV-2018-_636-R_____ |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | *Honorable*_____ |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Rule 38(b) of the Federal Rules of Civil Procedure and Local Civil Court Rule 81.1 of the United States District Court for the Western District of Oklahoma, hereby files this Notice of Removal of this case from the District Court of Oklahoma County, Oklahoma, in which court this case is pending, to the United States District Court for the Western District of Oklahoma, being the district embracing the place where the case is pending. In support of this Notice of Removal, Defendant states the following:

**Timeliness of Removal**

1. Plaintiff commenced this action by filing the Petition in the District Court of Oklahoma County on May 24, 2018.

2.     State Farm was served via the Oklahoma Insurance Commissioner on June 6, 2018.

3.     In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a copy of the Docket Sheet and a clearly legible copy of all documents filed or served in the Oklahoma County case are attached to this Notice of Removal as **Exhibit Nos. "1" through "7"**.

4.     This removal was effected within 30 days of service of the Petition on State Farm and therefore is timely.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

### Diversity Jurisdiction

5.     At the time the Petition was filed, at the time of removal and all intervening times, the Plaintiff was (and is) a resident and citizen of the State of Oklahoma.

6.     State Farm is a foreign insurance company incorporated in the State of Illinois and its principal place of business is in the State of Illinois.  State Farm is licensed to do business in the State of Oklahoma.  Therefore, it is deemed to be an Illinois citizen for the purpose of diversity.

7.     As to the named Defendant, Wanda Singhisen, State Farm states as follows:

   a.     Prior to suit being filed, the liability insurance carrier for Ms. Singhisen tendered her liability limits of $100,000. (*See* Affidavit of Joseph T. Acquaviva, Jr., ¶4(a), **Ex. "8"**).

  b. Prior to suit being filed and pursuant to 36 O.S. § 3636(f), Plaintiff's counsel advised State Farm that a tentative settlement agreement to settle for the liability limits of the insured tortfeasor had been reached.  (*See* **Ex. "8"** at ¶4(b)).

  c. Prior to suit being filed and pursuant to 36 O.S. § 3636(f), State Farm advised Plaintiff's counsel that State Farm agreed to waive its right of subrogation thereby allowing Plaintiff to accept and the liability limits offer and provide the tortfeasor, Wanda Singhisen, with a full and complete release.  (*See* **Ex. "8"** at ¶4(c)).

  d. Prior to filing this removal, counsel for State Farm, Joseph T. Acquaviva, Jr., spoke with Plaintiff's counsel and confirmed that Plaintiff intends to accept the $100,000 liability limits offer.  (*See* **Ex. "8"** at ¶4(d)).

  e. Plaintiff's counsel also confirmed that Plaintiff has not accepted the $100,000 liability limits offer at this time because the medical bills claimed by Plaintiff to have been incurred because of the underlying accident exceed the liability limits offer.  (*See* **Ex. "8"** at ¶4(e)).

  f. Plaintiff's counsel is hopeful that he will be able to obtain a reduction of the outstanding medical bills.  (*See* **Ex. "8"** at ¶4(f)).[1]

Since Singhisen has not been served with process, the unanimity requirement is excused.  *See Brady v. Lovelace Health Plan*, 504 F.Supp.2d at 1173.  (A defendant who

---

[1] This court may consider "other papers" such as counsel's affidavit submitted in support of removal.  *See, e.g., Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 540–43 (7th Cir.2006).*

has not yet been served with process is not required to join.) *See also* 28 U.S.C. §1446(b)(2)(A).

Further, Fed. R. Civ. P. 21 authorizes this Court to drop misjoined parties from any action. In addition, it is well-settled that this Court may dismiss nondiverse parties in order to preserve diversity jurisdiction. *Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 845 (10th Cir.1988); *Miller v. Leavenworth-Jefferson Elec. Coop., Inc.*, 653 F.2d 1378, 1382 (10th Cir.1981); *see also Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1369 (10th Cir.1982) ("a non-diverse party whose presence is not essential under Rule 19 . . . may be dropped to achieve diversity"); 7 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 1685 at 457 (2d ed. 1986) ("Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if his presence in the action is not required under Rule 19."). State Farm therefore respectfully requests this Court drop the misjoined and nonessential Defendant, Wanda Singhisen, from this matter in order to preserve diversity jurisdiction.

8. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity between the essential parties to this matter, Plaintiff and State Farm. Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## Allegations and Claims in the Petition

9. According to Plaintiff's Petition, the underlying lawsuit arises out of an automobile accident involving Plaintiff and tortfeasor Wanda Singhisen, which occurred on or about July 11, 2016. The vehicle was insured with a policy of automobile insurance,

Policy No. 0431-138-36E, issued by State Farm, which contained provisions for uninsured/underinsured motorist coverage. Plaintiff contends the policy was in force at the time of the accident and further contends State Farm has breached the insurance contract and caused Plaintiff damages by the refusal to pay Plaintiff's demands for underinsured motorist benefits. Plaintiff also contends State Farm's actions in handling Plaintiff's claim were in bad faith. The State Farm policy covering the vehicle driven by Plaintiff at the time of this accident has uninsured/underinsured motorist coverage of $250,000.00/$500,000.00.

10. Upon completing its initial investigation into Plaintiff's claims, State Farm advised Plaintiff that his claim was assigned an initial value within the liability limits of the tortfeasor's insurance policy, and, per the terms and conditions of Plaintiff's insurance policy and 36 O.S. § 3636, State Farm advised that Plaintiff was not entitled to a payment under the UM/UIM coverage. Plaintiff's counsel notified State Farm that the liability carrier offered to tender its policy limits. State Farm thereafter responded by waiving subrogation. Although Plaintiff demanded payment of the uninsured/underinsured policy limits, State Farm's final evaluation determined the value of Plaintiff's claim remained within the available liability limits of the responsible party.

11. Plaintiff alleges that State Farm breached its contract with Plaintiff and that State Farm breached its duty of good faith and fair dealing. All of this is denied by State Farm.

## Amount in Controversy

12. State Farm and its counsel represent to this Court their good faith belief that the amount in controversy is met for the following reasons:

    a. Plaintiff alleges State Farm acted in bad faith and that State Farm breached the insurance contract with Plaintiff.

    b. Plaintiff specifically states in his Petition that "[t]he Plaintiff's injuries and damages are in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00) plus interest, costs and all such other and further relief. . . ."

    c. Plaintiff's Petition asserts that State Farm's conduct was such that it is claimed to be liable for damages in an amount in excess of $75,000.00.

    d. Based on Plaintiff's allegations and prayer for recovery of damages, Plaintiff is seeking judgment against State Farm in an amount exceeding the sum of $75,000.00, together with interest, attorney fees and costs, which is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

13. While State Farm disputes Plaintiff's allegations, State Farm and its counsel have attempted in good faith to set forth the factual basis for establishing the amount in controversy in excess of $75,000.00 has been met in accordance with *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995). *See also Schrader v. Farmers Insurance Company*, 2008 WL 2782710 (W.D. Okla.) (citing to *McPhail v. Deere & Co*. 529 F.3d 947 (10th Cir. 2008).

14. Pursuant to 28 U.S.C. § 1446(a), State Farm acknowledges that this Notice of Removal is signed and filed herein pursuant to Rule 11 of the Federal Rules of Civil Procedure.

15. State Farm and its counsel acknowledge that the timing of this removal is governed by 28 U.S.C. § 1446(b) which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . .

State Farm contends that removal is proper based upon the Petition and "other papers" and that said removal has been done so timely. *See Martin v. Franklin Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding that a Section 1332(a) removal is appropriate only if the amount-in-controversy requirement is "affirmatively established" on the face of either the state court petition or the notice of removal); *see also* 23 O.S. § 9.1(C)(2)(b); *Meira v. Dairyland Ins. Co.*, 143 F.3d 1337 (10th Cir. 1998); *Salaar v. Geico Ins. Co.*, 2010 WL 2292930 (D.N.M. 2010).

16. The Tenth Circuit has construed the language of 28 U.S.C. § 1446(b) to mean that "the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). The notice of removability must be "unequivocal," and "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the Plaintiff." *Id.* (citing *DeBry*, 601 F.2d at 486-88).

17. Upon the face of Plaintiff's Petition, it clearly states that Plaintiff seeks money damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

18. Pursuant to the teachings of *Laughlin, supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal. *Laughlin*, 50 F.3d at 873. State Farm and its counsel contend that the facts and reasons set forth above support removal.

19. Pursuant to LCvR 81.1, State Farm demands a jury trial and affirmatively states Plaintiff is put on notice of said demand.

20. Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff through his counsel of record and a copy of this Notice of Removal has been filed with the District Court of Oklahoma County, Oklahoma.

|  |  |
|---|---|
|  | Respectfully submitted,<br><br>**WILSON, CAIN & ACQUAVIVA**<br>300 Northwest 13th Street, Suite 100<br>Oklahoma City, Oklahoma  73103<br>Telephone:  (405) 236-2600 |
| Date:  June 29, 2018 | Facsimile:   (405) 231-0062<br><br>s/Joseph T. Acquaviva, Jr.<br>Joseph T. Acquaviva, Jr., OBA #11743<br>JTAcqua@wcalaw.com<br>Zachary K. Housel, OBA #32802<br>Zach@wcalaw.com<br>**ATTORNEYS FOR DEFENDANT,<br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY** |

## **CERTIFICATE OF SERVICE**

  X       I hereby certify that on the 29th day of June, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Joe Carson
joe@warhawklegal.com
**WARHAWK LEGAL**
Renaissance Centre East
127 N.W. 10th Street
Oklahoma City, OK 73103
**ATTORNEY FOR PLAINTIFF**

            I hereby certify that on the _____ day of _____, 2018, I served the attached document by certified mail, return receipt requested, with proper postage prepaid thereon to the following:

                                                                        s/Joseph T. Acquaviva, Jr.
                                                                        Joseph T. Acquaviva, Jr.
                                                                        Zachary K. Housel